DECISION
Plaintiffs appeal the 2009-10 real market value and exception real market value for property identified as Account 05018993 (subject property.) A telephone trial was held before Magistrate Jeffrey S. Mattson on October 21, 2010. Plaintiffs appeared on their own behalf and Plaintiff Alfred Calabria testified on behalf of Plaintiffs. Geoff Bennett (Bennett), Registered Appraiser, Clackamas County Department of Assessment and Taxation, appeared and testified on behalf of Defendant.
Plaintiffs' Exhibit 1 and Defendant's Exhibit A were admitted without objection.
 I. STATEMENT OF FACTS
The subject property is a custom home with 2,582 square feet of living space, three bedrooms and two and one-half bathrooms located on a 6,180 square foot lot in Clackamas County, Oregon. (Ptfs' Ex 1 at 6-7.) The subject property was first listed for sale "as new construction, in September, 2007, for $850,000." (Id. at 4.) Plaintiffs purchased the subject property in July 2008, paying $710,000. (Id.)
Plaintiff testified that, as of the assessment date, January 1, 2009, the subject property's improvement was 100 percent complete. Plaintiff testified that, as of December 29, 2007, the subject property's improvement was "finished" with the exception of "three small items to be *Page 2 
added which were completed by Feb 2008." (Ptfs' Ltr at 1, Oct 7, 2010.) Those three items were identified: "tempered window unit over tub unit in master bath, fill a vehicle barrier with concrete per code, provide approval from planning department to approve street trees." (Id.) Plaintiffs submitted a copy of an invoice from their builder, First Choice Custom Homes Inc., stating that the total cost of those three items was $756. (Id. at 8.) Plaintiffs challenge the exception real market value in the amount of $93,770 determined by the Washington County Board of Property Tax Appeals. (Id. at 2.) Bennett testified that he was not the appraiser who inspected the property and concluded that, as of January 1, 2008, the subject property's improvement was 79 percent complete. The appraiser who did inspect the property did not testify.
Plaintiffs rely on an appraisal report prepared by Andrea Yearsley (Yearsley), SRA, to support their requested 2009-10 real market value of $610,000 for the subject property. (Ptfs' Ex 2.) Yearsley did not testify. Bennett's testimony included a critique of Yearsley's appraisal report. Bennett's report stated that his cost approach "indicates that the total value of the subject property to be $658,675," which is the "Assessor's roll value." (Def's Ex A at 17.) He stated that the market approach "indicates the value of the subject to be $660,000." (Id.) Bennett's report stated that Plaintiffs purchased the subject property in July 2008 for $710,000." (Id.) Relying on "the Clackamas County Assessor's Ratio Study and RMLS Data [that] show[ed] a total decrease in market values of 10% for the entire calendar year, or a decrease of 0.83% per month," Defendant stated Plaintiffs' purchase price time adjusted to the assessment date would be "$674.642. This value more than supports the Assessor's roll value of $658,675." (Id.) *Page 3 
 II. ANALYSIS
The issue before the court is the 2009-10 real market value of Plaintiffs' property. "Real market value is the standard used throughout the ad valorem statutes except for special assessments."Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620, at *2 (Mar 26, 2003) (citing Gangle v. Dept. ofRev., 13 OTR 343, 345 (1995)). Real market value is defined in ORS 308.205(1), [1] which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief." ORS 305.427. Plaintiffs must establish their claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citingFeves v. Dept. of Rev, 4 OTR 302 (1971)). Plaintiffs submitted an appraisal report. The individual who prepared the report did not testify. Bennett pointed out several issues with the appraisal report submitted by Plaintiffs. With no testimony from the appraiser who prepared Plaintiffs' appraisal report and no opportunity for Bennett's challenges to be answered, the court does not find that Plaintiffs' evidence was more convincing that Defendant's appraisal report, especially given Bennett's testimony about the appraisal report he prepared.
Plaintiffs presented evidence that the subject property was essentially complete as of January 1, 2008. There was no evidence to the contrary. As of January 1, 2009, there was no evidence to support exception real market value added to the roll in the amount of $93,770. *Page 4 
 III. CONCLUSION
After careful consideration of the testimony and evidence, the court concludes that Plaintiffs failed to carry their burden of proof to support their requested 2009-10 real market value for the subject property. Plaintiffs did carry their burden of proof to support their request that as of the assessment date there should be no exception real market value added to the tax roll for the subject property. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal of the 2009-10 real market value of the subject property is denied; and
IT IS FURTHER DECIDED that, as of the assessment date, there was no 2009-10 exception real market value for the subject property.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron March 16, 2011. The Court filed and entered this documenton March 16, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to year 2007. *Page 1